Commonwealth *v.* Kizer, Petitioner.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald Kizer,* petitioner, in propria persona.

*Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 26, 1967:

Donald Kizer in 1961 entered a guilty plea to a charge of robbery and was sentenced to a minimum of four and a maximum of eight years imprisonment. On June 16, 1966 Kizer filed the first of his three petitions under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966); this petition was denied by the Court of Oyer and Terminer of Lackawanna County and this

denial affirmed without opinion by the Superior Court. The second petition was filed on August 3, 1966 while the first was pending before the Superior Court and relief was subsequently denied by the Lackawanna County Court. Kizer's third petition, filed in 1967, resulted in another trial court denial, an appeal to the Superior Court and, following that court's affirmance without opinion, a petition for allowance of appeal to this Court. The petition asserts, inter alia, that the courts below should have appointed counsel.

In each of his three petitions Kizer indicated that he was without funds and requested that the trial court appoint an attorney; in none was this request honored. We said in *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A. 2d 148, 149 (1967): "Our Richardson [426 Pa. 419, 233 A. 2d 183 (1967)] and Hoffman [426 Pa. 226, 232 A. 2d 623 (1967)] decisions at least require that an indigent be granted one appointment of counsel [pursuant to §12 of the Post Conviction Hearing Act] to aid in the prosecution of his post-conviction attempt."

The Commonwealth, however, argues that under the waiver provision of §4 of the Post Conviction Hearing Act Kizer has waived any claim before this Court by his failure to file a petition for allocatur from the Superior Court's affirmance of the denial of his first petition. The defect in this argument is the fact that §4 requires that the failure to appeal must be "knowingly and understandingly" made. Not only does this requirement present a factual issue incapable of resolution on the record before us, but also for the very reason that §12 mandates the appointment of counsel— "[c]ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention"*

---

* See *Commonwealth v. Mitchell*, supra at 397, 235 A. 2d at 149.

102

—we should not decide whether Kizer has in fact waived his present claims by failure to appeal prior denials without at least giving him the benefit of one appointment of counsel to litigate this issue. Furthermore, we should be loath to impose §4's waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available. Therefore, as we did in *Richardson* and *Hoffman,* we vacate the orders below and remand the record for appointment of counsel without reaching the merits of Kizer's petition.

The petition for allocatur is granted. The order of the Superior Court is reversed. The order of the Court of Oyer and Terminer of Lackawanna County is vacated and the record remanded to that court with instructions to appoint counsel to represent Donald Kizer in a post-conviction proceeding at which Kizer's eligibility for an evidentiary hearing and/or other relief may be determined.