## Commonwealth *v.* Miller, Appellant.

486

WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Richard E. Miller,* appellant, in propria persona.

*R. Hart Beaver,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Petitioner pleaded guilty to the crime of prison breach and was sentenced on November 22, 1963 to a term of not less than two nor more than five years. On August 7, 1964, petitioner filed a petition for writ of habeas corpus.  No hearing was held and no appeal was taken from the denial of that petition.  Petitioner received no aid of counsel with this petition.

Petitioner filed a second petition under the Post Conviction Hearing Act on April 26, 1967.  Counsel was appointed to represent petitioner.  The lower court concluded, without a hearing, that since petitioner had filed a previous petition, he had waived his right to bring this petition under §4 of the Act, and, therefore, denied the petition.

In my opinion, the lower court erred in dismissing the present petition. The Supreme Court in *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967), held that since the petitioner had not been represented by counsel on his prior petitions, he had not waived his right under §4 to apply for appropriate relief under the Act. The Court stated:

"The Commonwealth, however, argues that under the waiver provision of §4 of the Post Conviction Hearing Act Kizer has waived any claim before this Court by his failure to file a petition for allocatur from the Superior Court's affirmance of the denial of his first petition. The defect in this argument is the fact that §4 requires that the failure to appeal must be 'knowingly and understandingly' made. Not only does this requirement present a factual issue incapable of resolution on the record before us, but also for the very reason that §12 mandates the appointment of counsel— '[c]*ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention'*— we should not decide whether Kizer has in fact waived his present claims by failure to appeal prior denials without at least giving him the benefit of one appointment of counsel to litigate this issue. Furthermore, *we should be loath to impose §4's waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available.*" [Emphasis added]

For this reason, I would remand the present record to the lower court with instructions to determine whether the allegations of the petition merit an evidentiary hearing and/or other relief.

SPAULDING, J., joins in this dissent.