Opinion by
 

 Hoeeman, J.,
 

 Kenneth Augustus Galloway, the appellant, was tried and convicted of sodomy and solicitation to commit sodomy on January 12, 1965. He was sentenced to serve a term of not less than two and one-half nor more than five years.
 

 On May 11, 1967, appellant petitioned the Court of Quarter Sessions of Lancaster County for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. 1180-1 et seq. (Supp. 1966). The court appointed counsel to represent appellant in the proceedings below pursuant to §12 of the Act. The court then granted a rule upon the Commonwealth to show cause why a hearing should not he granted.
 

 The Commonwealth filed an answer to appellant’s petition alleging that none of appellant’s allegations were meritorious. On August 21, 1967, the court dismissed appellant’s petition without a hearing.
 

 Appellant contends that the court below erred in summarily dismissing his petition for post-conviction relief without allowing counsel an opportunity to present written or oral argument in support of the petition.
 

 
 *156
 
 This question involves the interpretation and application of §12 of the Post Conviction Hearing Act. Section 12, provides in pertinent part: “If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.”
 

 Appellant argues that the Act permits counsel the opportunity to appear before the lower court to explain why an evidentiary hearing is warranted. He avers that counsel should be able to amplify and explicate the alleged constitutional errors checked off by the petitioner on the forms provided him.
 
 [1]
 
 This proceeding would permit counsel to clarify the legal issues presented by the facts alleged in the petition. Without such a proceeding, appellant submits that the right to counsel is an empty statutory right. We disagree.
 

 Section 5 of the Act provides for the method of filing a petition for post-conviction relief. That section provides in part that: “Any person who desires to obtain relief under this act may initiate a post-conviction proceeding by filing a petition ... A petition shall be in the following forms. . . .” This section describes in considerable detail the nature and content of the petition. Basically, the petition includes all facts which support the alleged error upon which the petition is based. We find no mandate in the language of the Act that the petition be filed by counsel, or that
 
 *157
 
 counsel be given an opportunity to file a supplemental brief or present oral argument on behalf of the petitioner prior to the grant of an evidentiary hearing.
 

 Section 5 further provides that: “The petition shall not include argument or citation and discussion of authorities.” This provision stresses that the petition must only include facts and that no amplification of the petition by additional documents or oral argument by counsel is required by the Act. Consequently, it is our opinion that §12 does not require the lower court to permit counsel to go beyond the petition before ruling on the substantive merits therein. .
 

 • This interpretation of the Act is further supported by §7, which provides: “The' court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition.”
 

 “The section sets forth the policy of free amendment of the petition. If a petitioner is justly entitled to relief, his claim should not be obscured or obliterated by his inability to articulate it or to give it proper form. More particularly it is proposed that no claim be dismissed for want of specificity until the petitioner is first given the chance to amend and thereby clarify his allegations. A by-product of this free amendment provision would be the encouragement of court-appointed counsel to amend the petition originally filed by the petitioner himself or a jail-house lawyer.” T. Finan, “The Uniform Post-Conviction Procedure Act: One State’s Experience,” 2 Harvard Journal on Legislation 189,207 (1965). Thus, by providing such services, the petitioner is accorded effective counsel and his statutory right to assistance of counsel, is, therefore, meaningful and significant.
 

 
 *158
 
 The present case must be remanded for an evidentiary hearing, however, because the lower court erred in dismissing appellant’s allegations that evidence obtained pursuant to an unlawful arrest and search and seizure was used to procure his conviction. The lower court stated in its order that “. . . the complaint of unlawful arrest and an unconstitutional search and seizure should have been raised after the petitioner was indicted and before trial.” The Act specifically provides that a petitioner may raise these allegations in a post-conviction petition subsequent to his conviction.
 

 The record is, therefore, remanded with instuctions to hold an evidentiary hearing in accordance with this opinion.
 

 [1]
 

 The present method of filing for post-conviction relief is succinct and simplified by the Act. The petitioner is provided with a printed form upon which he may check a series of boxes beside various constitutional errors that allegedly affected his conviction. The petitioner is only permitted to set forth the facts relating to the alleged prejudice, but he is not allowed to set forth an argument, citations, or any discussion of authorities in support of his petition.