Opinion by
 

 Spaulding, J.,
 

 Appellant, utilizing the procedure established by the Post Conviction Hearing Act,
 
 [1]
 
 contests two separate 1964 burglary convictions, averring as grounds for relief (1) ineffectiveness of counsel in permitting amendment of indictments without first obtaining the consent of petitioner; (2) guilty plea entered without knowledge as to its consequences; and (3) failure of trial counsel to advise him of his absolute right to appeal.
 

 In July, 1964 appellant entered a plea of not guilty on the first of two indictments
 
 [2]
 
 in the Quarter Sessions Court of Philadelphia. He was adjudged guilty by Judge Kelley, sitting without a jury, and sentenced to not less than 2 nor more than 5 years imprisonment. Two months later he appeared before Judge Troutman on the second indictment,
 
 [3]
 
 pleaded guilty and received another 2 to 5 year sentence to run concurrently with the first commitment. No direct appeal was taken on either action.
 

 Appellant’s first collateral proceeding was a pro se habeas corpus petition filed in 1965 which attacked only the propriety of the amendments to the bills of indictment. Judge McClanaghan of the court below dismissed the petition and this court affirmed per curiam,
 
 Commonwealth ex rel. Johnson v. Myers,
 
 207 Pa. Superior Ct. 770, 218 A. 2d 828 (1966). Allocatur was denied on July 25, 1966.
 

 Another pro se habeas corpus petition was dismissed by the Federal District Court on May 31, 1967.
 
 [4]
 

 
 *161
 
 The instant petition was filed in September, 1967 and a hearing was held approximately one month later. Relief was denied and this appeal followed.
 

 Appellant alleges first that counsel’s permission given the District Attorney to amend a faulty indictment without consulting appellant constitutes ground for a finding of ineffectiveness of counsel. This contention is without merit. As stated by the Supreme Court in
 
 Commonwealth ex rel. Washington v. Maroney,
 
 427 Pa. 599, 235 A. 2d 349 (1967), the “inquiry [into an allegation of counsel incompetence] ceases and counsel’s assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had
 
 some reasonable basis
 
 designed to effectuate his client’s interests. The test is
 
 not
 
 whether other alternatives were more reasonable, employing a hindsight evaluation of the record.”
 
 Id.,
 
 427 Pa., at 604. (Emphasis in original.) In the instant case the course chosen by counsel was a reasonable one in serving his client for, as he testified at the evidentiary hearing below, a refusal to accede to the District Attorney’s request to permit the amendment would have succeeded only in postponing the trial while another indictment was secured.
 

 Appellant next attacks his guilty plea, alleging that he was not informed as to the consequences of such a plea. At the hearing below, however, his original trial counsel testified:
 

 “I advised him that he had the right to plead not guilty and go to trial. However, I also advised him that it would be better to plead guilty in this matter. I had discussed this matter with the District Attorney. The indications were that he would be given a sentence which would run concurrent with the sentence that had been imposed by Judge Kelley.” (Notes of Testimony of Post Conviction Hearing, p. 17)
 

 
 *162
 
 The court below properly concluded that the plea was entered with knowledge as to its consequences.
 

 Appellant’s final allegation is that he was not advised of his right to appeal. At the evidentiary hearing below appellant’s former counsel admitted to a substantial failure to advise appellant of his right to appeal. In the face of this admission, however, a question is nevertheless presented as to appellant’s present right to litigate this issue. The memorandum opinion of the court below does not clearly indicate on what particular ground relief was denied, but nothing in the opinion discloses a finding of either a §4 waiver or final litigation. In
 
 Commonwealth v. Kizer,
 
 428 Pa. 99, 101-102, 236 A. 2d 515 (1967), the Supreme Court stated: “[SJection 4 requires that the failure to appeal must be ‘knowingly and understandingly’ made. . . . [W]e should not decide whether Kizer has in fact waived his present claims by failure to appeal prior denials without at least giving him the benefit of one appointment of counsel to litigate this issue. Furthermore, we should be loath to impose section 4’s waiver provisions against a prisoner who lacked counsel’s advice as to the possible appellate procedures available.” Appellant’s previous collateral proceedings were without counsel and this precludes a finding in the instant case that he has, under §4 of the Act, either waived or litigated these issues.
 

 The Commonwealth, however, contends that the point is moot, reasoning that since both 2 to 5 year sentences are concurrent, any real relief is contingent on rulings favorable to appellant in both appeals, and the determination that appellant’s guilty plea was voluntary destroys any further basis for relief from the conviction based on that plea.
 
 [5]
 

 
 *163
 
 Appellant still has the right to challenge at least the legality of his sentence.
 
 [6]
 

 Commonwealth v. Stokes,
 
 426 Pa. 265, 232 A. 2d 193 (1967). Assuming arguendo that the Commonwealth’s premise is correct
 
 [7]
 
 the contention must nevertheless be rejected, for each conviction may critically affect any subsequent sentencing under the so-called “Habitual Criminal Statute,”
 
 [8]
 
 or may be relevant in parole or other considerations.
 

 Finally, application of the mootness doctrine in the sphere of criminal law has traditionally been restricted to situations where the relief requested has either already been granted in another proceeding
 
 [9]
 
 or is no
 
 *164
 
 longer factually or legally possible.
 
 [10]
 
 We see no parallel in the instant case to those cases which have previously applied the mootness doctrine, and there is no reason to extend its viability.
 

 Remanded with instructions to grant appellant the right to file appeals nunc pro tunc in Bills 1249 and 1250. See
 
 Commonwealth v. Sapp,
 
 428 Pa. 377, 238 A. 2d 208 (1968).
 

 Wright, P. J., and Montgomery, J., would affirm the order of Judge Reimel.
 

 [1]
 

 Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp.).
 

 [2]
 

 Bill 1249, June Sessions, 1964, Court of Quarter Sessions of Philadelphia.
 

 [3]
 

 Bill 1250, June Sessions, 1964, Court of Quarter Sessions of Philadelphia.
 

 [4]
 

 E.D. Pa., Misc. No. 3504.
 

 [5]
 

 This is to be distinguished from the somewhat similar doctrine of prematurity, which denies habeas corpus relief where the
 
 *163
 
 sentence under attack is not yet being served. For an excellent discussion of this doctrine resulting in at least a partial rejection of its application, see
 
 Commonwealth ex rel. Stevens v. Myers,
 
 419 Pa. 1, 213 A. 2d 613 (1965) ;
 
 accord, Commonwealth v. Snyder, 427
 
 Pa., at 104, n.23, 233 A. 2d at 541, n.23 (1967).
 

 [6]
 

 Not even considering any new grounds to be granted retroactive application in the future, either within or without the cur: rently established parameter designated as “jurisdictional” defenses. See, e.g.,
 
 Commonwealth ex rel. Manning v. Rundle,
 
 422 Pa. 297, 220 A. 2d 814 (1966)
 
 ; Commonwealth ex rel. Smart v. Myers,
 
 424 Pa. 315, 227 A. 2d 831 (1967).
 

 [7]
 

 Implicit also in the Commonwealth’s argument is the preliminary premise that relief under the Act is coextensive with that which was traditionally available in habeas actions, and, additionally, that habeas corpus relief would in fact have been denied whenever the result would be other than immediate release from custody of the relator. The first of these assumptions is belied by §2 of the Act: “The procedure hereby established shall encompass all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus and coram nobis,” while the latter is controverted by
 
 Commonwealth ex rel. Stevens v. Myers,
 
 note 5,
 
 supra,
 
 rejecting' the prematurity doctrine and permitting relator to' challenge a sentence which would become effective only after expiration of the sentence he was currently serving and not then under attack.
 

 [8]
 

 Act of June 24, 1939, P. L. 872, §1107, 18 P.S. §5107.
 

 [9]
 

 Heard v. State,
 
 78 Ga. App. 150, 50 S.E. 2d 787 (1948) (illegal sentence by virtue of clerical error corrected by earlier habeas
 
 *164
 
 corpus proceeding) ;
 
 Lemmons v. State,
 
 46 Okla. Crim. 331, 288 Pac. 351 (1930) (grant of new trial held to moot direct appeal) ;
 
 State ex rel. Magrum v. Nygaard,
 
 76 N.D. 552, 38 N.W. 2d 370 (1949) (habeas corpus petition mooted by discharge from imprisonment).
 

 [10]
 

 Petition of Gabis,
 
 240 Mass. 465, 134 N.E. 267 (1922) (sentence fully served) ;
 
 McGloin v. Warden of Md. House of Correction,
 
 137 A. 2d 659 (S. Ct. Md., 1958) (parole moots habeas corpus relief),
 
 contra, United States ex rel. Cutrone v. Fay,
 
 289 F. 2d 470 (2d Cir., 1961) ;
 
 United States ex rel. Lynch v. Fay.
 
 284 F. 2d 301 (2d Cir., 1960) (death of relator moots proceeding) ;
 
 Merritt v. State,
 
 150 S.E. 551 (Ga. App., 1929) (execution of appellant moots relief).