Dissenting Opinion by
Hoffman, J.:
Petitioner filed for post-conviction relief on M!ay 10, 1967, under the Post Conviction Hearing Act. Counsel was appointed to represent petitioner and the petition was denied without a hearing.
Petitioner contends that he was denied his right to appeal because he was not apprised of that right. All defendants convicted in criminal trials have a right to be told of their right to appeal and the assistance of counsel to perfect that appeal if they are indigent. Commonwealth v. Wilson, 430 Pa. 1, 241 A. 2d 760 (1968).
The lower court dismissed the petition on the ground that petitioner had waived his right to raise the above issue in the present petition, since he had filed two prior habeas corpus petitions and one petition under the Post Conviction Hearing Act. The lower court also stated: “It is inconceivable that the petitioner could not have been aware until now that an appeal from his conviction had not been taken.”
The Supreme Court stated in Commonwealth v. Kizer, 428 Pa. 99, 236 A. 2d 515 (1967), that if a petitioner has filed previous habeas corpus petitions or petitions under the Act without aid of counsel, he has not waived his right to file a subsequent petition for relief. In the instant case, all the prior petitions filed by the petitioner were in propria persona. Accordingly, the fact that petitioner has filed prior petitions cannot be equated with an intelligent waiver under section *284 4 of the Act, and the lower court erred, in my opinion, in dismissing the present petition on that ground.
I would, therefore, vacate the order of the lower court, and remand the case to that court with instructions to review the petition on its merits [counsel has been appointed for petitioner] in order to determine whether an evidentiary hearing and/or other relief is required.
Spaulding, J., joins in this dissenting opinion.