Opinion by
Spaulding, J.,
On December 30, 1964, appellant was tried and convicted of robbery and two counts of aggravated assault and battery, and sentenced to a term of eighteen months to five years. No appeal was taken from those sentences.
Appellant thereafter filed a petition under the Post Conviction Hearing Act alleging, inter alia, that he was denied his right to appeal. See Douglas v. Cali *461 fornia, 372 U.S. 353, 83 S. Ct. 815 (1963). The court granted the relief requested, giving appellant the right to file nunc pro tunc motions for a new trial. These motions were then filed and denied and the subsequent appeal to this court non-prossed for failure to proceed. It is not clear from the record whether these motions were argued on the merits in the court below by appellant’s counsel or by appellant himself. The record does show, however, that appellant was not represented by counsel in his appeal following the denial of these motions.
After our court non-prossed the appeal, appellant filed a second petition pro se, claiming the same relief requested and granted previously, which the court below dismissed as being repetitious. This would appear to have been the correct disposition, since, as the Commonwealth demonstrates, the proper action for the appellant to pursue would be to obtain a rule permitting an opening of the non-pros, order. However, since appellant was not represented by counsel in his nunc pro tunc direct appeal, the non-pros, order cannot be held to preclude relief at this time. Commonwealth v. Kizer, 428 Pa. 99, 236 A. 2d 515 (1967).
The record is remanded to the court below to determine whether counsel assisted appellant in preparing and arguing nunc pro tunc post-trial motions. If appellant did not have counsel’s assistance in the preparation and argument of those motions, and the court below finds no waiver of that right, see Commonwealth v. Snyder, 427 Pa. 83, 233 A. 2d 530 (1967), then it shall appoint counsel to aid appellant on those motions as well as any further direct proceedings. If appellant did have counsel’s assistance and still desires to appeal from the denial of those motions, the court below shall, consistent with appellant’s desire coupled with the necessary proof that appellant cannot retain private counsel, appoint counsel.