Commonwealth *v.* Brady, Appellant.

Submitted April 14, 1969. *R. Charles Thomas,* for appellant; *David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

Order affirmed.

Commonwealth *v.* Brady, Appellant.

Submitted April 14, 1969. *R. Charles Thomas,* for appellant; *David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

Order affirmed.

Commonwealth *v.* Brady, Appellant.

Submitted April 14, 1969. *R. Charles*

*Thomas,* for appellant; *David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM: In accordance with *Commonwealth v. Wilson,* 430 Pa. 1 (1968), and *Commonwealth v. Johnson,* 212 Pa. Superior Ct. 158 (1968), the order is vacated and the record remanded with directions to hold an evidentiary hearing, with counsel, to determine whether appellant was deprived of the right to appeal from the judgment of sentence. If the lower court shall find that appellant has knowingly and intelligently waived his right to appeal, it shall enter an order to that effect. If the lower court shall find that appellant has not knowingly and intelligently waived his right to appeal, this Court will permit, upon motion of counsel, an appeal to be filed nunc pro tunc from the judgment of sentence.