Commonwealth *v.* Rivella, Appellant.

Submitted June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stewart J. Greenleaf,* Assistant Public Defender, for appellant.

*John J. Collins,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 11, 1969:

This is an appeal by Daniel Rivella from the dismissal of a post-conviction hearing petition in which he contends his plea of guilty to burglary, larceny and receiving stolen goods was unlawfully induced. Appellant filed the petition without assistance of counsel on September 17, 1968. Thereafter, the court below appointed counsel and held a hearing.

At the commencement of the hearing, appellant's counsel made an oral motion to amend the petition to raise the additional claim that the guilty plea was primarily motivated by a coerced confession. This motion was denied. The hearing was limited to whether the plea was unlawfully induced by trial counsel's promise that appellant would receive a sentence running concurrently with sentences imposed on similar offenses committed in New Jersey.

Appellant contends that the court below erred (1) in denying his motion to amend the petition, and (2) in finding that the plea was not unlawfully induced.

The apparent basis for denial of the motion to amend was that appellant waived the claim by failing to include it in his original petition. We do not believe that appellant's failure to raise the claim when the petition was filed amounts to the deliberate bypass of state procedure necessary to establish a waiver under §4 of the Post Conviction Hearing Act. See, *Commonwealth v. Snyder*, 427 Pa. 83, 90 n. 5, 233 A. 2d 530 (1967).

Appellant was without counsel when the petition was filed. The burden of proof of waiver by an uncounseled petitioner is on the Commonwealth. *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967). As there has been no showing that appellant knowingly and intelligently failed to raise the claim when the petition was filed, we cannot find a waiver within the meaning of §4 of the Act.

Moreover, the legislature enacted the Post Conviction Hearing Act as a vehicle for the consolidated determination of all collateral claims. Under the Act, a prisoner is given one opportunity to present *all* claims with the assistance of counsel. Barring exceptional circumstances, §4 of the Act prevents litigation of claims in a second post-conviction proceeding.

As §12 of the Act provides for appointment of counsel for indigents only after a petition is filed, we cannot read the Act as restricting hearings to issues raised by a petitioner prior to appointment of counsel. On the contrary, the purpose of the Act is served only if the petitioner is afforded the opportunity to litigate all issues which counsel, after review of the case, believes have possible merit. Section 7 of the Act provides: "Amendment shall be freely allowed in order to achieve substantial justice." We understand this section to require that timely amendments to petitions prepared by uncounseled petitioners must be granted absent strong countervailing circumstances.* See, *Commonwealth v. Galloway*, 212 Pa. Superior Ct. 154, 239 A. 2d 893 (1968).

As the refusal to grant the motion to amend was error requiring a remand of the record for further hear-

---

* From the record, it appears that appellant was "brought down" to Bucks County from Dallas the night before the hearing. As counsel had no opportunity to review the case with appellant prior to the day of the hearing, the motion to amend the petition was made at the first opportunity. Moreover, the record reveals no facts suggesting that amendment at the time of the hearing would prejudice the Commonwealth in any way. We do not pass upon whether a motion to amend would have to be granted if the Commonwealth demonstrated that appellant's counsel had substantial prior opportunity to move for amendment and that delay of the motion until the time of the hearing prejudiced the Commonwealth.

ing, we do not pass upon the second contention of error asserted by appellant.

The order of the court below is vacated and the record remanded for further proceedings consistent with this opinion.