Commonwealth *v.* Haynes, Appellant.

Submitted December 2, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John J. McCreesh, III,* for appellant.

*John D. Cooper, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

On April 5, 1974, appellant's petition for relief under the Post Conviction Hearing Act.[1] was denied by the court below without a hearing. Appellant contends that the court's action was an express violation of §1180-7 of the Act.[2]

The appellant, Lundy T. Haynes, an indigent, was arrested on August 31, 1972, and charged with aggravated

---

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§1180-1 et seq.

2. Section 1180-7 provides that "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition."

robbery based on an incident which occurred in Philadelphia on August 16, 1972. His motion to suppress an eyewitness identification was heard and denied on December 27, 1972. Thereafter, in January, 1973, appellant was tried and found guilty of aggravated robbery by a jury. The Philadelphia Defender Association filed post-trial motions on behalf of the appellant. The motions were denied on April 5, 1973. On May 3, 1973, the appellant filed an appeal in forma pauperis in this Court and also filed a petition for appointment of counsel. Although the petition was granted, appellant discontinued his appeal to this Court in March, 1974. On March 8, 1974, appellant filed a pro se PCHA petition with the assistance of another prisoner. The appellant's petition was dismissed without a hearing. It is from that order that this appeal is taken.

The Commonwealth argues that because all the issues raised in appellant's PCHA petition[3] had been finally litigated, no evidentiary hearing was required. The Commonwealth points to the fact that appellant's claims were litigated in a motion to suppress and on post-trial motions. The Commonwealth argues in its brief that "[u]nder these circumstances, all the issues raised by this petition must be considered finally litigated under the Act. Although appellant was informed of his appellate rights on the record, he did not pursue an appeal, and has never claimed that his appellate rights were denied. Summary disposition is permitted under 1503, Pa. R. Crim. P. when the issues raised on a petition have been previously determined adversely to petitioner in a proceeding where he was represented by counsel." To decide whether the summary dismissal was proper, we must de-

---

3. The issues raised in appellant's pro se brief were: 1) sufficiency of the evidence; 2) legality of the arrest; 3) absence of proof of aggravation where conviction was for aggravated robbery; 4) prejudicial charge to the jury; 5) ineffective assistance of counsel.

termine whether in fact all the issues have been either finally litigated or waived.

Section 1180-4 of the Act provides that "(a) For the purpose of this act, an issue is finally litigated if: (1) It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling. . . . (b) For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and could have raised it before the trial, at the trial, [or] on appeal. . . ." Therefore, the critical question is whether the appellant's choice of procedure—that is, discontinuing his appeal and attempting to raise his claim for relief in a PCHA hearing—was a knowing and understanding waiver of his right to appeal.

*Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 95, 208 A. 2d 1 (1965), held that "The refusal of a new trial is not error where the motion therefor is not filed within the time prescribed by the rules of court. . . . Matters not properly raised in the court may not be invoked on appeal. . . ." Hence, as a general rule, even constitutional claims can be waived if an appellant does not conform to certain procedural rules. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974), on the full extent of waiver. In *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966), this Court, however, noted that there are exceptions to a rule that would otherwise deny an appellant access to an appellate court: " 'It is settled law since the decision in Douglas v. California . . . [372 U.S. 353 (1963)], that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of perfecting such an appeal. . . .' " Id. at 447, 222 A. 2d at 429. It is clear "that an accused is entitled to the assistance of counsel in the

critical task of taking and perfecting an appeal, *unless such right is intentionally and intelligently relinquished.*" Id. at 448, 222 A. 2d at 429. (Emphasis added). Further, "[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." *Carnley v. Cochran,* 369 U.S. 506 (1962). See also, *Johnson v. Zerbst,* 304 U.S. 458 (1938) ; *Commonwealth v. Jones,* 447 Pa. 228, 286 A. 2d 892 (1971). Under the PCHA, "waiver may be *presumed* only when the petitioner had counsel at the time the alleged waiver occurred." *Commonwealth v. Mumford,* 430 Pa. 451, 455, 243 A. 2d 440 (1968).

In the instant case, the appellant did not have the assistance of counsel in either the preparation of his PCHA petition or the decision to discontinue his appeal. Counsel did prepare the appeal from the denial of his PCHA petition, but counsel was apparently appointed after appellant had made the decision to abandon his appeal and to pursue the alternative route. Obviously, the appellant intended to have a court hear issues that would have been heard for the first time had he continued his appeal to this Court. It is logically untenable to suggest that appellant made a "knowing and intelligent" waiver —"In order for a waiver to be effectuated, the prisoner's nonaction must be a deliberate and understanding bypass of the available . . . procedures." *Commonwealth v. Kravitz,* 441 Pa. 79, 84, 269 A. 2d 912, 914 (1970). See also, *Fay v. Noia,* 372 U.S. 391 (1963). If appellant's decision to discontinue his appeal were strategic, then it would have been intentional. But appellant by pursuing the PCHA petition lacked legal guidance concerning the proper manner to perfect his appeal.[4] Thus the issues

---

4. Cf. *Commonwealth v. Kizer,* 428 Pa. 99, 102, 236 A. 2d 515, 516 (1967) : ". . . we should be loath to impose §4's waiver provisions against a prisoner who lacked counsel's advice as to the possible appellate procedures available."

raised in the petition should have been heard and decided by the PCHA court. Cf. *Commonwealth v. Kizer*, 428 Pa. 99, 236 A.2d 515 (1967) ; *Commonwealth v. Johnson*, 212 Pa. Superior Ct. 158, 239 A.2d 867 (1968).

The case is remanded to the PCHA court for a full hearing.

JACOBS, J., dissents.

———

CONCURRING AND DISSENTING OPINION BY VAN DER VOORT, J.:

I concur in the granting of a hearing pursuant to the Post Conviction Hearing Act on the claim of ineffective assistance of counsel. However, I dissent from the grant of said hearing on the other issues raised.

The majority opinion clearly states that appellant was informed of his appellate rights, including the right to counsel. Furthermore, appellant has not claimed that his appellate rights have been denied.

Therefore, I would hold that appellant's choice of discontinuing his appeal was a knowing waiver of his right thereto. Issues which were or could have been raised therein are waived for purposes of a subsequent PCHA hearing. While I agree that it is quite clear that appellant was entitled to counsel's assistance to perfect an appeal, this he relinquished. I would not allow him to raise again these issues.

The record being silent as to appellant's claim of ineffective trial counsel, and different counsel having been appointed for the PCHA petition, I would allow a hearing on this issue only, upon the authority of *Commonwealth v. Dancer*, 460 Pa. 95 (1975).