J-A10021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BENY GARCIA | |
| Appellant | No. 3669 EDA 2015 |

Appeal from the Judgment of Sentence dated November 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014202-2013

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY SOLANO, J.:  **FILED AUGUST 25, 2017**

Appellant Beny Garcia appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following his conviction for corruption of a minor.[1] We affirm.

On July 20, 2015, Appellant was convicted of corruption of a minor following a bench trial.[2] On November 23, 2015, after determining that

_____

[1] 18 Pa.C.S. § 6301(a)(1)(ii).

[2] The complainant at trial was Appellant's wife's eleven-year-old sister, who lived in the house next door to Appellant. On multiple occasions, Appellant inappropriately touched the complainant over her clothes, and on one occasion, tried to convince the complainant to have sexual intercourse with him. The complainant recalled that Appellant had inappropriately touched her on several other occasions, but she could not remember the exact dates or the details of what had occurred. Appellant was acquitted of the charge of indecent assault of a person less than thirteen years of age. *See* 18 Pa.C.S. § 3126(a)(7).

Appellant was not a "sexually violent predator" under the Sex Offender Registration and Notification Act,[3] Appellant was sentenced to three years of sex offender probation.

Appellant timely appealed, raising the following issues:

> 1. Because of the mental age of Defendant, did he have the mens rea to commit the crime charged?
>
> 2. Was the statute under which the Defendant [was] convicted, which does not allow testimony regarding Defendant's mental or psychological disability, constitutional?
>
> 3. Did the contact by Defendant with the Complainant constitute a criminal offense under the statute?

Appellant's Brief at 3 (suggested answers omitted).

Appellant's first issue challenges the conviction on the basis that his low IQ negates the *mens rea* required by the statute,[4] and his second issue challenges the constitutionality of 18 Pa.C.S. § 6301, the statute under which he was convicted. Specifically, Appellant claims the statute is unconstitutional because it does not provide an exception for individuals like Appellant, who are "mentally handicapped," and are thus, according to Appellant, incapable of possessing the *mens rea* required for conviction. Appellant's Brief at 5-6.

_____

[3] 42 Pa.C.S. §§ 9799.10–9799.41.

[4] Appellant does not specify whether this challenge is to the sufficiency or weight of the evidence at trial.

In its 1925(a) opinion, trial court found these issues waived for appeal, as Appellant had not raised them earlier. **See** Trial Ct. Op., 6/17/16, at 3-4. On appeal, Appellant's counsel concedes that he did not raise these issues at trial and explains that he failed to do so because he "hadn't thought of [them] at the time and because [he] thought the judge would find [Appellant] not guilty." Appellant's Brief at 5. Nonetheless, Appellant's counsel argues that this Court should not find the issues waived because they pertain to the Constitution, and "[t]he Constitution exists whether it is argued or not." **Id.**

Our Rules of Appellate Procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, Pennsylvania law makes it clear that an appellant's claim can be waived by failure to raise it before the trial court, even if the claim makes an argument under the Constitution. **See Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014) (recognizing that "issues regarding [t]he constitutionality of a statute can be waived"), **appeal denied**, 114 A.3d 416 (Pa. 2015); **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (collecting cases); **Commonwealth v. Haynes**, 340 A.2d 462, 464 (Pa. Super. 1975) ("as a general rule, even constitutional claims can be waived if an appellant does not conform to certain procedural rules"). Appellant's first two issues are therefore waived due to his failure to raise them before the trial court.

Appellant advances no argument on his third issue. **See** Appellant's Brief at 5-6. We have previously held:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa.Super.2006). The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. **Id.**; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. **Gould**, 912 A.2d at 873. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. **Id.**; Pa.R.A.P. 2101.

**Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), **appeal denied**, 940 A.2d 362 (Pa. 2008). Without any direction or discussion on this issue by Appellant, we are unable to review his final, undeveloped claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017