KENNETH LOWELL DEE BRYANT, Petitioner-Appellee, *v.* STATE
OF HAWAII, Respondent-Appellant

NO. 10911

(SPECIAL PROCEEDING - PRISONER NO. 84-0013)

JUNE 27, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

332

## OPINION OF THE COURT BY HEEN, J.

The State of Hawaii (State) appeals the order of the circuit court granting Defendant Kenneth Lowell Dee Bryant's (Defendant) Rule 40, Hawaii Rules of Penal Procedure (1984),[1] petition (Petition) for post-conviction relief in which the circuit court vacated Defendant's conviction in criminal no. 52574 on five counts of attempted murder, Hawaii Revised Statutes §§ 705-500, 707-701 (1976), and ordered a new trial. We reverse.

---

[1] Rule 40, Hawaii Rules of Penal Procedure, provides in pertinent part:
POST-CONVICTION PROCEEDING.
(a) Proceedings and Grounds. The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:
(1) *From Judgment.* At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:
(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawaii;
(ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;
(iii) that the sentence is illegal;
(iv) that there is newly discovered evidence; or
(v) any ground which is a basis for collateral attack on the judgment.
For the purposes of this rule, a judgment is final when the time for direct appeal under Rule 4(b) of the Hawaii Rules of Appellate Procedure has expired without appeal being taken, or if direct appeal was taken, when the appellate process has terminated, provided that a petition under this rule seeking relief from judgment may be filed during the pendency of direct appeal if leave is granted by order of the appellate court.

* * *

(3) *Inapplicability.* Said proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. An issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to

## I.

After Defendant's conviction in criminal no. 52574, his trial counsel appealed,[2] raising ten points of error.[3] The supreme court affirmed Defendant's conviction in a memorandum opinion entered December 14, 1981, in which only one of Defendant's points of error was discussed. In disposing of Defendant's other arguments in that appeal, the supreme court stated it had carefully reviewed the record of the proceedings and found no reversible error.

On September 28, 1984, Defendant, acting *pro se*, filed his Petition, which the circuit court granted after a hearing. In its order the circuit court held that Defendant was denied effective assistance of counsel in his first appeal, because appellate counsel failed to allege as an issue on

---

prove the existence of extraordinary circumstances to justify his failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

\* \* \*

(c) Form and Content of Petition. The petition shall be in substantially the form annexed to these rules. Petitions in the prescribed form shall be made available without charge by the clerks of the various circuit and district courts to applicants upon their request. The petition shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. It shall also state the relief requested. The petition shall be typewritten or legibly handprinted and shall be signed and sworn to by the petitioner. If a petition received by the clerk of a circuit or district court does not substantially comply with the requirements of this rule, a judge of the court shall direct the clerk to return the same to the petitioner together with a statement of the reason or reasons for its return. The clerk shall retain a copy of the petition.

\* \* \*

(e) Amendment and Withdrawal of Petition. The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition.

[2]In the opinion, Defendant's trial counsel, who was also counsel in the direct appeal, will hereafter be referred to as appellate counsel.

[3]By order dated April 11, 1986, we have taken judicial notice of the appellate briefs in criminal no. 52574. The State, in its opening brief here, asserts that appellate counsel alleged seventeen points of error, while Defendant in his answering brief asserts there were twenty points of error. We cannot explain the variance, but the opening brief in criminal no. 52574 contains only ten "Points of Error."

appeal the trial judge's denial of Defendant's motion to *voir dire* the prospective jurors in criminal no. 52574 individually as to details of pre-trial publicity about the case to which the jurors had been exposed. The circuit court held that the failure to raise the issue "constituted an omission which was the result of unprofessional or incompetent judgment." The circuit court also concluded that had the issue been raised on appeal there was a reasonable probability that Defendant's conviction would have been reversed.

State argues that (1) the circuit court did not have jurisdiction to hear Defendant's Petition; and (2) since the trial judge did not err in limiting the *voir dire* of the prospective trial jurors, Defendant was not denied effective assistance of counsel, either at trial or on appeal. We disagree with State on the jurisdictional question, but agree on point (2). The points will be discussed seriatim.

II

State contends that the circuit court did not have jurisdiction over this matter, since the Petition alleged only the failure to appeal the trial court's denial of Defendant's motion "to suppress the press access to the trial itself" as ineffective assistance of appellate counsel and not appellate counsel's failure to appeal the request to *voir dire* the prospective jurors individually. Thus, State asserts, Defendant waived the *voir dire* issue and he was not entitled to relief under Rule 40(a)(3). The argument is without merit.

We view Rule 40(a)(3) as holding that an issue is deemed waived if it was *not* raised at any time before the Rule 40 petition. Failure to raise it specifically in the petition does not *per se* defeat the possibility of obtaining relief on that ground in the Rule 40 proceeding. Waiver in such circumstances can only be lodged against the petitioner when it may be inferred from an examination of the entire record.

The proceeding outlined under Rule 40 is designed to encompass previously cumbersome and often misunderstood legal writs. One of the rule's purposes is to afford wider post-conviction relief in our state courts, thus lessening conflicts with the federal courts in the latters' exercise of their power to protect an individual's federal constitutional rights from illegal state action. *See Post Conviction Procedure A Suggested Solution,* 2 Harv. J. on Legis. 189 (1965). In our view, one purpose of the specificity requirement for the petition under Rule 40(c)

 

is to give State notice of the issues it will be required to meet.

Although the Petition did not specify as a ground for relief the precise factual basis upon which the circuit court ruled, it must be borne in mind that Defendant was *pro se* when he filed the Petition and should not suffer for his inability to articulate his claim. *See Commonwealth v. Galloway,* 212 Pa. Super. 154, 239 A.2d 893 (1968). His brief at least alerted State to the general issue of effectiveness of appellate counsel. When counsel was later appointed for Defendant[4] he filed a memorandum in support of the Petition, which clearly raised the *voir dire* issue. The issue was responded to by State in its supplemental memorandum in opposition to the Petition, after noting its objection, and was apparently argued to and considered by the circuit court.[5] We note that Rule 40(e) provides that amendments to the petition shall be freely allowed. We see no reason, in view of the proceedings below, why the Petition in this case cannot be deemed to have been amended to include the *voir dire* issue. *Cf.* Rule 15(b), Hawaii Rules of Civil Procedure (1981).[6]

State also argues that since the *voir dire* issue was not raised in the direct appeal and Defendant did not prove extraordinary circumstances to justify his failure to do so, the issue was waived. Rule 40(a)(3). The argument is without merit. The matter of ineffective assistance of counsel for failure to raise the issue on appeal could not have been raised in the direct appeal from the conviction.

### III.

In essence, State argues that Defendant was not denied effective assistance of trial or appellate counsel, because (1) the trial judge did not

---

[4]Rule 40(i) provides for appointment of the Public Defender to represent a petitioner who cannot afford to pay the costs of proceedings or hire counsel.

[5]We have not been provided with the transcript of the Rule 40 hearing below.

[6]Rule 15(b), Hawaii Rules of Civil Procedure (1981), provides in pertinent part:
AMENDED AND SUPPLEMENTAL PLEADINGS.
(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

abuse his discretion in denying Defendant's motion to allow him to *voir dire* the jurors individually, and (2) the issue of the trial judge's denial of Defendant's motion for *voir dire* of the prospective jurors, if raised on appeal, "would [not] have been clearly more likely to result in reversal or an order for a new trial[.]" *Gray v. Greer,* 778 F.2d 350, 353 (7th Cir. 1985).

Although there are several cases in this jurisdiction establishing the standards for determining ineffective assistance of counsel at the trial level, *e.g., State v. Smith,* 68 Haw. ___, 712 P.2d 496 (1986); *State v. McNulty,* 60 Haw. 259, 588 P.2d 438 (1978); *State v. Kahalewai,* 54 Haw. 28, 501 P.2d 977 (1972); *State v. Casipe,* 5 Haw. App. 210, 686 P.2d 28 (1984), there are none discussing the standards for assessing an allegation of ineffective assistance of appellate counsel.[7] Other courts, federal and state, diverge widely in the standards used to judge ineffectiveness of appellate counsel. *Evitts v. Lucey,* 469 U.S. ___, ___ n.9, 105 S.Ct. 830, 837 n.9, 83 L.Ed.2d 821, 831 n.9 (1985).

*State v. Antone,* 62 Haw. 346, 615 P.2d 101 (1980), instructs us that the burden of establishing ineffective assistance of counsel is upon Defendant, who must show specific errors or omissions of counsel reflecting lack of skill, judgment or diligence, and which resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. *Id.* 62 Haw. at 348-349, 615 P.2d at 104. "Counsel's assistance need not be errorless nor will it be judged ineffective solely by hindsight." *Id.* The fundamental question is whether, viewed as a whole, the assistance provided is "within the range of competence demanded of attorneys in criminal cases." *State v. Kahalewai,* 54 Haw. at 30, 501 P.2d at 979.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), decided after *State v. Antone, supra,* the United States Supreme Court established a more difficult burden to be met by a defendant in establishing ineffective assistance of trial counsel. In *State*

---

[7]*Kimball v. Sadaoka,* 56 Haw. 675, 548 P.2d 268 (1976), held that the defendant was not denied effectiveness of appellate counsel where, although appellate counsel failed to raise a particular issue on appeal, he was allowed to present the question at oral argument. The court did not discuss the standard to be used to judge appellate counsel's effectiveness.

*v. Smith, supra,* the Hawaii Supreme Court stated that the standard adopted in *Antone* is not the *Strickland* standard, and that, for purposes of judging ineffective representation claims under article I, section 14 of the Hawaii constitution the standard established in *Antone* would be applied. *Id.* 68 Haw. at ___ n.7, 712 P.2d at 500 n.7. In *Smith,* as in this case, the defendant had asserted violation of his right to effective assistance of counsel under both the United States and Hawaii constitutions and, as stated, the supreme court applied *Antone's* standards.

*Antone's* standard was not established to determine effectiveness of counsel on appeal. However, in *Gray v. Greer, supra,* at 352, it was held that the standard for effective assistance of trial counsel can be used as a basis for establishing a standard for effective assistance of appellate counsel.

*Gray* holds that appellate counsel is not required to advance every conceivable argument on appeal that the trial record supports, but only that appellate counsel's choice of issues for appeal not fall below "an objective standard of reasonableness." *Id.* at 353. In order to determine whether that standard has been met, the trial record first must be examined to see if appellate counsel failed to present significant and obvious issues on appeal. Any such significant issues must then be compared to those which were raised and if the ignored issues are clearly stronger than those raised, the presumption of effective assistance of counsel is overcome. *Id.* at 352.[8] The *Gray* court remanded the case to

---

[8] Recently, the District of Columbia Court of Appeals established a different standard for resolving claims of ineffective assistance of appellate counsel. *Watson v. United States,* 39 Crim. L. Rep. (BNA) 2070, 508 A.2d 75 (1986). Holding that, because appellate courts give incisive consideration to all issues raised by an appellant, the outcome of a case on appeal is rarely dependent upon the exceptional skill of appellate counsel. However, if an issue not raised on appeal had merit and would be determinative on the prosecution of the defendant, there may well be ineffective assistance of appellate counsel. The District of Columbia court ruled that appellate counsel's performance will be deemed ineffective if it is so clearly prejudicial to the defendant's substantial rights as to jeopardize the very fairness and integrity of the appellate process. Paraphasing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). which dealt with the two-pronged test for judging effectiveness of trial counsel, the *Watson* court stated that "'the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [appeal] cannot be relied on as having produced a just result.'" *Watson,* 39 Crim. L. Rep. at 2071, 508 A.2d 75. In our view, appellate counsel's assistance in the direct appeal in the instant case measured up to the *Watson* benchmark also.

the district court
with instructions to review the trial court record and determine whether the issues which petitioner claims appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial, and were so obvious from the trial record that the failure to present such issues amounted to ineffective assistance of appellate counsel.

*Id.* at 353. The principles enunciated in *Gray v. Greer* are similar to those of *Antone* at the trial level and we adopt and apply them in this case. However, we need not remand this matter to the circuit court to compare the trial record with the issues raised on appeal. There is no dispute, here, over the trial proceedings in criminal no. 52574, and we have taken judicial notice of the briefs in the appeal from that conviction. Our review of the record in this case and criminal no. 52574 convinces us that Defendant was not denied effective assistance of counsel on appeal.

In the instant case, the circuit court did examine the portion of the trial record dealing with Defendant's motion to *voir dire* the jurors individually. However, it does not appear that the circuit court compared the issue of the trial court's denial of Defendant's motion with the issues raised on appeal. The circuit court concluded as a matter of law that (1) the trial court's denial of Defendant's motion to examine the prospective jurors individually was an abuse of discretion, (2) the failure to raise the issue on appeal resulted from "unprofessional or incompetent judgment," (3) that had the issue been raised on appeal, there was a "reasonable probability" that Defendant's conviction would have been reversed and, therefore, (4) Defendant was denied his constitutional right to effective assistance of counsel on appeal. In our view, conclusions (2) and (3) are really findings of fact subject to the clearly erroneous standard of review, while conclusions (1) and (4), as conclusions of law, are subject to the "right/wrong" standard. *See State v. Miller,* 4 Haw. App. 603, 671 P.2d 1037 (1983). The record does not support (2) and (3) and we hold they are clearly erroneous. Conclusions of law (1) and (4) are in error.

In the direct appeal from Defendant's conviction, appellate counsel alleged error by the trial court in denying his pre-trial motions to dismiss the indictment and to suppress evidence wrongfully seized. He alleged error in the admission of various items of evidence, over his objections as to lack of foundation and extreme prejudice, and attacked the trial court's failure to instruct the jury on manslaughter as an included

offense and to furnish the jury with a verdict form reading "not guilty."[9] Finally, he attacked the extended sentence meted out by the court. The arguments presented by appellate counsel were resourceful and plausible, and the briefs indicate a profound and intimate knowledge on his part of the legal principles relating to the issues he raised. Although none of those arguments were successful, the issue of the trial court's denial of Defendant's motion to be allowed to *voir dire* the prospective jurors individually pales by comparison with them.

There is no dispute that there was a great deal of publicity regarding the event out of which the charges against Defendant arose in March of 1979. Defendant argues that, in addition, on August 8, 1979, approximately seven weeks prior to the start of his trial, another "sniping" incident occurred in Waikiki. This brought on another spate of news reports regarding Defendant's alleged offenses and about the psychology of "snipers." Defendant argues that eleven of the first twelve jurors who were seated in the jury box indicated that they had been exposed to media accounts of the case and his motion to allow him to conduct *voir dire* of those jurors individually should have been granted. Individual *voir dire* was necessary, he contended, in order to determine what the jurors had been exposed to and whether that exposure could in any way impair their ability to act as fair and impartial jurors. His motion to examine the jurors individually was denied. Defendant argues here, that it was ineffective assistance of appellate counsel not to have raised that denial as an issue on appeal. We disagree. We do not believe the issue created a reasonable probability of reversal or an order for a new trial. *Gray,* at 353.

*State v. Pokini,* 55 Haw. 640, 526 P.2d 94 (1974), cited by Defendant in support of his argument in this court that the trial court committed reversible error in denying his *voir dire* motion does not assist him. In *Pokini,* the supreme court held that "the amount and nature of pre-trial publicity directly determine the lengths to which a trial judge must go on *voir dire* to assess the possibility of prejudice resulting from that publicity." *Id.* at 642, 526 P.2d at 99 (citing *State v. Wakinekona,* 53 Haw. 574, 579-80, 499 P.2d 678, 682 (1972)). In *Pokini* there was a plethora of

---

[9]The court supplied instead a "not guilty by reason of mental disease, disorder or defect" verdict form.

pre-trial publicity regarding all of the participants in the trial, including the judge. The same defendants had been convicted in a previous case tried before the same judge, and in which the prosecution used the same witness. The pre-trial publicity was "substantial" and continued until two weeks before trial. In particular, the publicity described the defendant, James Pokini, as the leader of a "gang" responsible for several robberies on Oahu. The supreme court held that the trial court committed reversible error by "pre-empting" the *voir dire* and conducting only a perfunctory examination of the jurors.

In the instant case, the publicity does not, in our opinion, approach the magnitude of *Pokini*. Moreover, we are convinced from the record that the examination of the jurors that was allowed in the instant case was sufficient to assure Defendant a trial by a fair and impartial jury. None of the jurors indicated an inability, as a result of the publicity, to be fair and impartial. Defendant's trial counsel, also, appeared satisfied with the jury's final makeup, since he waived Defendant's last two peremptory challenges. The trial court did not abuse its discretion in denying Defendant's *voir dire* motion.

In the light of the trial record and the actions of appellate counsel, Defendant has not shown that he was denied effective assistance of counsel on appeal. Appellate counsel's choice of issues on appeal did not fall below "an objective standard of reasonableness," *Gray v. Greer, supra,* at 353, and Defendant has not shown that the performance of appellate counsel was "so clearly prejudicial to [his] substantial rights as to jeopardize the very fairness and integrity of [the appellate process]." *Watson v. United States,* 39 Crim. L. Rep. at 2071.

The appeal in criminal no. 52574 indicates a thorough examination of the trial record by appellate counsel and a studied effort to raise and argue those issues which, in his judgment, would be the most persuasive on the appellate court. The fact that he was unsuccessful is of no import. We are convinced that the issue of *voir dire* would have had less chance of success than those issues raised by appellate counsel and, thus, was not "clearly stronger" than the issues raised, *Gray v. Greer, supra,* at 352. Neither does the record show that the failure to raise the issue on appeal resulted from the ignorance or inadvertence of appellate counsel. *Id.* at 354.

Finally, Defendant's argument that he was denied effective assistance of appellate counsel because appellate counsel should have withdrawn from the case prior to the appeal is without merit.

Reversed.

*Peter Van Name Esser* (*Peter M. Wilkens* on the briefs), Deputy Prosecuting Attorneys, City & County of Honolulu, for respondent-appellant.

*John M. Tonaki* (*Richard W. Pollack* with him on the brief), Deputy Public Defenders, for petitioner-appellee.