*** FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-17-0000358
28-NOV-2022
09:09 AM
Dkt. 26 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

MAKILA LAND CO., LLC,
Respondent/Plaintiff-Appellee,

vs.

JONAH KEʻEAUMOKU KAPU,
Petitioner/Defendant-Appellant,

and

Heirs or Assigns of KUA (k), KAINOA (w), also known
as KAINOA KIKUE OLALA (w), and SAMUEL HIKU KAHALIA;
JOHN PAUL KAPU; VICTORIA Q. WHITE; KALANI KAPU;
and ALL WHOM IT MAY CONCERN,
Respondents/Defendants-Appellees.

_____

SCWC-17-0000358

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000358; CIV. NO. 09-1-0397(1))

NOVEMBER 28, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ.[1]

OPINION OF THE COURT BY WILSON, J.

_____

[1] Associate Justice Richard W. Pollack who was a member of the court when oral argument was held, retired from the bench on June 30, 2020.

In this case, we consider whether a letter from pro se litigant, Petitioner/Defendant-Appellant Jonah Keʻeaumoku Kapu ("Kapu"), should have been liberally construed by the Circuit Court of the Second Circuit ("circuit court") as a motion for reconsideration of the circuit court's order granting summary judgment to Respondent/Plaintiff-Appellee, Makila Land Co., LLC ("Makila"), that resulted in Kapu and his family losing their only home.

We agree with Kapu that his pro se letter should have been liberally construed as a motion for reconsideration pursuant to this court's policy to afford pro se litigants equal access to justice. Consequently, we also agree that the circuit court erred in failing to provide Kapu an opportunity to be heard on the merits of that motion.

We therefore vacate the Intermediate Court of Appeals' ("ICA") April 1, 2019 Judgment on Appeal and vacate in part the ICA's November 21, 2016 Judgment on Appeal, and remand to the circuit court for proceedings consistent with this opinion.

## I. BACKGROUND

This case is on appeal for the second time. In the first appeal, Kapu challenged the circuit court's award of summary judgment in favor of Makila on Makila's paper title

2

claim[2] to real property, 'Āpana 1 of the Land Commission Award ("LCA") 4878-O, Royal Patent 2664, to Olala, situated at Puehuehuiki and Wainee 2, Lahaina, Maui, Hawai'i within TMK (2) 4-6-21-4 ("'Āpana 1"), and the circuit court's denial of Kapu's claim of ownership of 'Āpana 1 by adverse possession. Makila Land Co. v. Kapu ("Makila I"), No. CAAP-12-0000547, 2016 WL 6136995, at *1 (App. Oct. 21, 2016) (mem.). The ICA in Makila I vacated in part the circuit court's entry of summary judgment in favor of Makila and held that there were genuine issues of material fact as to Makila's paper title claim.[3] Specifically, the ICA held that a genuine issue of material fact existed as to whether Makila established that it received a conveyance of title to 'Āpana 1 (paper title) from Pioneer Mill Company, Limited ("Pioneer Mill"). Id. at *13. The ICA therefore vacated in part the circuit court's award of summary judgment and remanded the matter for further proceedings. Id. at *14, *21.

On remand, the circuit court again awarded summary judgment in favor of Makila on the basis that Makila established

---

[2]     Makila claimed that it is the rightful owner of 'Āpana 1.
[3]     "Paper title," also referred to as "record title," is defined as "title as it appears in the public records after the deed is properly recorded." Paper title, Black's Law Dictionary (11th ed. 2019).

3

that it received title to 'Āpana 1 from Pioneer Mill. Kapu appealed the circuit court's award of summary judgment to Makila to the ICA. Makila Land Co. v. Kapu ("Makila II"), No. CAAP-17-0000358, 2019 WL 968642, at *2 (App. Feb. 28, 2019) (SDO). The ICA in Makila II held that the circuit court's award of summary judgment to Makila was proper because Kapu failed to "present a substantive argument in opposition to" Makila's motion for judgment after remand. Id. The ICA further held that Kapu's argument that Pioneer Mill could not transfer paper title to Makila because Kapu was the rightful owner of 'Āpana 1 was "foreclosed by our decision in [Makila I] that Makila had proven its paper title through to Pioneer [Mill] as law of the case." Id.

On certiorari, Kapu contests, (1) the ICA's memorandum opinion in Makila I, which held that Kapu failed to meet his burden of proof for adverse possession, and (2) the ICA's decision in Makila II affirming the circuit court's entry of summary judgment in favor of Makila on remand.

**A. Makila I**

**1. Circuit Court Proceedings**

This litigation started when Makila commenced a quiet title action in the circuit court against Kapu and Respondents/

4

Defendants-Appellees Heirs or Assigns of Kua (k), Kainoa (w)[4], also known as Kainoa Kikue Olala (w), and Samuel Hiku Kahalia; Victoria Q. White; Kalani Kapu; Jonah Ke'eaumoku Kapu; John Paul Kapu; Pearl M. Kanuha; Dornali Kanuha Legsay; Arthurlynn Kanuha; Crosby L.K. Kanuha; Stanley A. Kanuha; Hans M. Kanuha; Victoria Nohealani Kaluna-Palafox, and all whom it may concern, seeking to establish fee simple title (paper title) to 'Āpana 1.[5]  Makila claimed ownership to 'Āpana 1 by a chain of title that began with an individual named Olala, the original awardee of LCA 4878-O, and concluded with a conveyance from Pioneer Mill to Makila by deed.[6]

---

[4]    "The designations '(k)' and '(w)' appear to represent the words 'kane' and 'wahine', the Hawaiian words for 'man' and 'woman', respectively." Makila I, No. CAAP-12-0000547, 2016 WL 6136995, at *1 n.3 (citing Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary 128, 377 (rev. ed. 1986)).

[5]    "'Āpana" is defined as a "[p]iece, slice, portion, fragment, section, segment, installment, part, land parcel, lot, district, sector, ward, precinct; chop, as of lamb." Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary 28 (rev. ed. 1986) (emphasis added). "A kuleana, land division, may consist of several 'āpana." Id.

[6]    Makila's complaint set out the following chain of title. Olala, the original awardee of 'Āpana 1, did not convey 'Āpana 1 during his life and died intestate, whereupon title descended to his three heirs, Kaikaamolani, Kua (k), and Waihoikaea, also known as Waihoikaea Olala. Kaikaamolani conveyed by deed to Waihoikaea Olala on July 23, 1866. Kua died intestate, whereupon title descended to his son, Kauhai, who conveyed his interest by deed to Waihoikaea Olala on August 16, 1883. Waihoikaea Olala conveyed 'Āpana 1 by deed to Kainoa (w), also known as Kainoa Kikue Olala (w). Kainoa Kikue Olala did not convey 'Āpana 1 during her life and died intestate, whereupon title descended to her three children, Samuel Hiku Kahalia, Samuel Hakalaau, and Sarah K. Peter. Samuel Hiku Kahalia did not convey during life and died intestate, whereupon his interest descended to his siblings. Samuel Hakalaau conveyed his half interest in 'Āpana 1 by deed to Pioneer Mill on January 27, 1951, reserving a life estate for himself which terminated on his death. Sarah K. Peter conveyed her half interest in 'Āpana 1 by deed to Samuel

continued . . .

5

Named defendant Jonah Keʻeaumoku Kapu and his father, John Paul Kapu (collectively, "the Kapus"), filed an answer and counterclaim to Makila's complaint, alleging that they were the owners of ʻĀpana 1 because unlike Makila, they are direct descendants of original owner Olala, and alternatively because they had gained title to ʻĀpana 1 by adverse possession.  The Kapus demanded that the circuit court dismiss Makila's complaint and declare them the owners of ʻĀpana 1.

In support of its claim of title in Makila I, Makila filed four motions for summary judgment claiming paper title to ʻĀpana 1, with supporting documentation including deeds and probate records.  The Kapus opposed Makila's motions, claiming that genuine issues of material fact existed as to the identities of several names listed in Makila's chain of title,[7]

_____

. . . continued

Hakalaau on October 19, 1951, and Samuel Hakalaau then conveyed this half interest to Pioneer Mill on November 5, 1951, again reserving a life estate which terminated on his death.  On January 16, 2001, Pioneer Mill conveyed its full fee simple title to ʻĀpana 1 to Makila by deed.

[7]    The Kapus contested whether Waihoikaea Olala was the same person as Waihoikaea, whether Kainoa (w) was the same person as Kainoa Kikue Olala (w), whether Kainoa (w) was the natural mother of Samuel Hiku Kahalia, whether Samuel Hiku Kahalia and Samuel Hakalaau both have Kainoa as their natural mother, whether Samuel Hiku Kahalia, Samuel Hakalaau and Sarah K. Peter were the natural children of Kainoa (w) and whether they were the only children of Kainoa (w).

The Kapus asserted a chain of title that differed from Makila's. Kapu Hakalaau, also known as Samuel Kapu, was a natural son of Hiku and Kainoa.  Kapu Hakalaau, also known as Samuel Kapu married Julia Kaleo.  Kapu Hakalaau and Julia Kaleo had a son named John Paul Kekai Kapu.  John Paul

continued . . .

specifically contending that Makila erroneously identified a "Samuel Hakalaau" as being part of the chain of title as the person who conveyed paper title to Pioneer Mill.  The Kapus contended that the Samuel Hakalaau identified by Makila was not the Samuel Hakalaau in the chain of title.  According to the Kapus, the true Samuel Hakalaau in the chain of title was their ancestor, Samuel Kapu, also known as Kapu Hakalaau, from whom they claim lineal descent originating with Olala.  The Kapus thus argued that genuine issues of material fact existed as to Makila's chain or title and its alleged ownership of 'Āpana 1.

The circuit court granted Makila's motion for summary judgment as to its paper title claim, but denied summary judgment as to the Kapus' adverse possession counterclaim.[8]  In awarding summary judgment to Makila on the paper title claim, the circuit court determined that no genuine issues of material fact existed as to Makila's paper title to 'Āpana 1.[9]  The

_____

. . . continued

Kapu married Barbara Pualoke Ha'o.  John Paul Kekai Kapu and Barbara Pualoke Ha'o had seven children, including Jonah Ke'eaumoku Kapu, Zachery Kalani Kapu and Victoria Quailani Kapu White.

[8]  The Honorable Joel E. August presided over the case through the disposition of Makila's third motion for summary judgment.  The Honorable Rhonda I.L. Loo ruled on the fourth motion and presided over all subsequent circuit court proceedings in this case.

[9]  The circuit court's order granting summary judgment to Makila on the paper title claim made no factual findings as to the identity of any name listed in either parties' alleged chain of title.

circuit court therefore entered final judgment on May 8, 2012, in favor of Makila and against all defendants, ruling that Makila was the owner in fee simple of 'Āpana 1 and that it was entitled to possession.  The Kapus appealed to the ICA.

### 2.   ICA Proceedings

On appeal in Makila I, the Kapus argued that the circuit court erred by granting Makila summary judgment on the paper title and adverse possession claims "because the evidence in the record raised disputed questions of material fact concerning who had superior title."[10]  No. CAAP-12-0000547, 2016 WL 6136995, at *10.  The ICA issued its memorandum opinion in Makila I on October 21, 2016.[11]  Id. at *1.  With regard to Makila's paper title claim, the ICA "vacate[d] the Circuit Court's Judgment insofar as it granted summary judgment to Makila on its claim of paper title to ['Āpana 1]" and "quieted title in favor of Makila."  Id. at *14, *21.  Although the ICA concluded that Makila established a chain of title from Olala to Pioneer Mill, it held that Makila did not establish that it had received title to 'Āpana 1 from Pioneer Mill because the 2001

_____

[10]   Although the Kapus were represented by counsel at the outset of the litigation, they informed the ICA in December 2015 that their attorney was no longer able to represent them due to medical issues, and as a result they were without legal counsel.

[11]   The ICA panel in Makila I consisted of the Honorable Alexa D.M. Fujise, the Honorable Katherine G. Leonard, and the Honorable Lisa M. Ginoza.

8

deed conveying certain properties from Pioneer Mill to Makila did not make any reference to 'Āpana 1. Id. at *13. Specifically, the ICA noted that the 2001 deed from Makila's immediate predecessor-in-interest, Pioneer Mill, included a list of lands purportedly conveyed by the deed, but the list of lands did not make any reference to LCA 4878-O, Royal Patent 2664, 'Āpana 1. Id. Without that "essential link," the ICA held that it could not "find that Makila satisfied its burden of proving its prima facie claim of paper title." Id. The ICA therefore determined genuine issues of material fact existed and summary judgment on Makila's paper title claim was improper. Id. at *21.

With regard to the Kapus' counterclaim asserting title by adverse possession, the ICA held that Makila had "pointed out the absence of competent[] evidence to support" the claim, which shifted the burden to the Kapus "to respond with specific facts showing that there was a genuine issue for trial." Id. at *17. The ICA further held that the Kapus had not "provided evidence of actual, open, notorious, and continuous use of ['Āpana 1] for the statutory time period, and therefore failed to make a sufficient showing to establish the existence of the essential elements of their case, on which they would bear the burden of proof at trial." Id. at *21. The ICA therefore held that

9

Makila was entitled to summary judgment on the Kapus' counterclaim for ownership by adverse possession.  Id.

The ICA affirmed in part and vacated in part the circuit court's final judgment and remanded the case for proceedings consistent with its opinion.  Id.  No party filed an application for a writ of certiorari to review the ICA's opinion in Makila I.  However, because Makila was granted another award of summary judgment on remand on the same paper title claim in Makila I, the issues decided in Makila I are pertinent to the appeal before this court in Makila II.

**B.   Makila II**

**1.   Circuit Court Proceedings on Remand**

On remand to the circuit court, Makila again moved for summary judgment.  It attached to its motion for judgment after remand, evidence which it said "establishes that Makila received title to ['Āpana 1] from Pioneer Mill."  To prove the paper title claim, Makila submitted a surveyor's declaration that that concluded that 'Āpana 1 is within TMK (2)4-6-21-4.  Makila claimed that this evidence provided the "essential link"[12] the ICA said was missing from its proffered chain of title in Makila I and thus entitled it to judgment as a matter of law.  Makila

---

[12]    The ICA identified the missing "essential link" as a missing reference to 'Āpana 1 in the deed from Pioneer Mill.

10

also attached to its motion for judgment on remand, proof that it had provided notice to the Kapus that it filed a motion for judgment after remand.  Attached to the motion was a signed "Notice of Hearing and Certificate of Service," apparently mailed on or about December 20, 2016, which listed the names and mailing addresses of various defendants, including Kapu, and stated that "a true and correct copy of the foregoing document was duly served on this date on the above-named parties by United States mail, postage prepaid[.]"  The notice, however, stated that the hearing would be held "at 8:15 a.m. on Tuesday, January 31, 2016" instead of in January 2017.  Makila claims it served the Kapus with this defective Notice of Hearing and Certificate of Service by mail.

The Kapus did not respond to Makila's motion for summary judgment.  The Kapus also did not appear for the hearing on Makila's motion for summary judgment on remand on January 31, 2017.  In granting Makila's motion for summary judgment, the circuit court filed an order on February 10, 2017 stating that Makila's evidence proved it had received title to ʻĀpana 1 from Pioneer Mill and granting Makila's motion for summary judgment. In support of its order, the circuit court indicated that no opposition to Makila's motion had been filed, and that the Kapus

11

failed to appear for the January 31, 2017 hearing on the motion for summary judgment on remand.

However, after the circuit court filed its order, the circuit court filed, on February 23, 2017, an undated letter ("pro se letter") it had received from Kapu "asking that the case regarding civil No 09-1-0397(1) to vacate [sic] the order on Micheal Gibsons [sic] motion because we never received copies of the motion and only learned that the hearing occurred and decision made at last Friday's settlement conference in another case involving the same parties." The letter stated that Kapu had not received any correspondence about the case since the death of his attorney on December 28, 2016.

Additionally, on March 1, 2017, the circuit court filed a notice of ex parte communication and a letter, dated February 21, 2017, that it had received from Victoria Q. White ("White") on or around February 27, 2017. In her letter, White, Kapu's sister and one of the named defendants in the case, requested that the Kapu family be given an opportunity to answer the order granting summary judgment to Makila. She stated that Makila's attorney had never informed any of them about the hearing, and that the only letters she received were "a letter from the Appellate court letting me know that we lost the Appeal" and "a letter that none of us has entered court dated

12

January 31, 2017."  She said that Makila's attorney usually sent a copy of his letters to her O'ahu residence and the family's P.O. Box in Lahaina.  She claimed that her family "would have been to court had we known."

Despite the evidence Kapu and White submitted pro se, informing the court that they had not received notice regarding Makila's motion for summary judgment on remand nor notice of the court's hearing on the motion, the circuit court declined to consider their request for a reconsideration of the order awarding summary judgment to Makila.  The circuit court therefore entered its judgment in favor of Makila on March 21, 2017 pursuant to its February 10, 2017 order granting Makila's motion for summary judgment on remand.

Kapu filed a pro se motion to vacate the order granting Makila's motion for summary judgment on March 28, 2017.  Kapu argued that the order should be vacated under Hawai'i Rules of Civil Procedure ("HRCP") Rule 60(b)[13] because he and his

---

[13]     HRCP Rule 60(b) provides, in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason[] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken.

13

family never received a copy of Makila's motion and were not aware of the date of the hearing. He stated that the first time he found out about the motion and the order was on February 10, 2017, when he and his wife attended a hearing in another case, during which representatives of Makila informed them about the order.[14] He stated that it was possible that he did not receive notice because his attorney had passed away before the appeal was decided. He also noted that the court had not responded to his February letter about Makila's motion for summary judgment. He claimed there had been a violation of HRCP Rule 5(a)[15] for failure of service, which had affected his and his family's substantive rights by granting title of Kapu's only home to Makila. Kapu claimed he was not afforded an opportunity to contest the motion and that therefore the circuit court's order granting summary judgment to Makila should be vacated.

Makila filed an opposition to Kapu's motion to vacate claiming that Kapu received notice of its motion for judgment on remand. It argued that its motion for judgment on remand and

---

[14]    In his opening brief before the ICA, Kapu explained that he and Makila are adverse parties in a separate quiet title case, Makila Land Co. v. Heirs or Assigns of Apaa (k), Civil No. 02-1-0107(2).

[15]    HRCP Rule 5(a) provides, in relevant part:  "[E}very written motion other than one which may be heard ex parte, and every written notice, appearance, demand, brief or memorandum of law, offer of judgment, bill of costs, designation of record on appeal, and similar paper shall be served upon each of the parties[.]"

14

notice of the hearing were accompanied by a certificate of service, sent by regular mail, and that the address listed for Kapu on that certificate was the same address as the one Kapu had listed for himself on his motion to vacate. Makila did not acknowledge the defective date contained in its notice and contended that Kapu had adequate notice. Makila also claimed that the circuit court's order granting its motion for summary judgment on remand did not affect Kapu and his family's substantive rights. According to Makila, the ICA's memorandum opinion in Makila I had already established that Kapu did not have any right, title, or interest in 'Āpana 1.

In his reply, Kapu noted that the ICA's opinion did not instruct the circuit court to enter judgment in favor of Makila on its paper title claim, but vacated and remanded the case for further proceedings on that issue. Kapu argued that although the certificate of service may have stated that Makila's motion was mailed, he and his family never received any motion or notice of a hearing. Kapu claimed that they did not get copies of the motion, "[w]hether it was lost in the mail or unbeknownst to Plaintiff's counsel was not actually deposited in the mail[.]"

At an April 18, 2017 hearing on Kapu's motion to vacate, where Kapu represented himself pro se, the circuit court

denied Kapu's motion to vacate without informing Kapu that the hearing on the motion to vacate would become his only opportunity to present his substantive argument contesting Makila's motion for summary judgment. At the hearing, Kapu informed the circuit court that his attorney had recently passed and that his failure to initially respond to Makila's motion for summary judgment on remand and appear for the hearing was due to the fact that he had not received notice. However, not realizing the circuit court would treat the hearing on the motion to vacate as his only opportunity to contest the merits of Makila's motion for summary judgment, Kapu did not make his HRCP Rule 60 legal argument that the judgment should be vacated on that basis. Instead, his claim was that he should be afforded an opportunity to argue his case. Apparently, not recognizing that Makila's notice contained a defective January 31, 2016 hearing date, the circuit court concluded that because Makila's motion had been accompanied by a certificate of service which listed Kapu's address, Kapu presented no basis for vacating the order. It also stated that Kapu presented "no meritorious argument or explanation for why the motion for judgment after remand should have been denied in the first place" and that Kapu had failed to timely contest Makila's motion.

2.    **ICA Proceedings**

Kapu, represented by counsel through the Hawai'i Appellate Pro Bono Program, appealed the circuit court's award of summary judgment on remand to Makila to the ICA.  Kapu argued that the circuit court erred in granting Makila's summary judgment motion and ordering judgment in its favor without affording him an opportunity to be heard on the merits.  Kapu claimed that his pro se letter should have been liberally construed as a motion for reconsideration of the circuit court's order granting summary judgment to Makila, a HRCP Rule 60(b)(4) motion to set aside the judgment as void, or a HRCP Rule 60(b)(6) motion to set aside the judgment for any other reason justifying relief from the operation of the judgment and afford him a hearing.  Kapu claimed that the circuit court's decision not to allow him a chance to address the merits of his argument "was particularly harsh" in light of the fact that he specifically asked the circuit court during the August 18, 2017 hearing for the opportunity to argue his case.

In a summary disposition order, the ICA affirmed the circuit court's March 21, 2017 judgment.  Makila II, No. CAAP-17-0000358, 2019 WL 968642, at *2.  The ICA concluded that the circuit court held a hearing on Kapu's March 28, 2017 HRCP Rule 60 motion to vacate the circuit court's order granting the

17

motion, and therefore, Kapu was not denied "an opportunity to present evidence and argument in opposition to [Makila's] Motion." Id. The ICA also concluded that "[b]y failing to raise any substantive arguments in opposition to the Motion before the Circuit Court, Kapu has failed to preserve these arguments for appeal" and therefore waived a challenge to Makila's motion for summary judgment on remand. Id. Further, the ICA concluded that "to the extent Kapu's argument is based on a claim that Pioneer Mill could not transfer title to Makila because he had title to ['Āpana 1], that argument is foreclosed by our decision in Makila I that Makila had proven its paper title through to Pioneer Mill[], as law of the case." Id. Judgment on appeal was entered on April 1, 2019.

Kapu filed an application for writ of certiorari, seeking review of both the April 1, 2019 Judgment on Appeal in Makila II and the November 28, 2016 Judgment on Appeal in Makila I. In his certiorari application, Kapu presented two points of error:

> 1. Did the ICA gravely err in holding that a pro se litigant waived his right to be heard on the merits of a dispositive motion – and that he waived his right to make those arguments on appeal – when that pro se litigant, who never received notice of the dispositive motion, repeatedly asked the Circuit Court to be heard on the merits of that motion and clearly objected to the Circuit Court's ruling on that motion without having heard from him on the merits?
>
> 2. Did the ICA err in its 2016 ruling in making multiple inferences – resolving multiple disputed issues of material fact – in favor of the moving party on summary judgment?

18

## II.    STANDARD(S) OF REVIEW

### A.    Jurisdiction

The existence of jurisdiction is a question of law that is reviewed de novo under the right/wrong standard. Waltrip v. TS Enters., Inc., 140 Hawai'i 226, 235, 398 P.3d 815, 824 (2016) (internal quotation marks, brackets, and citation omitted).

### B.    Summary Judgment

"We review a circuit court's grant or denial of summary judgment de novo under the same standard applied by the circuit court." Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000). Pursuant to HRCP Rule 56(c) (2017), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We view the evidence in the light most favorable to the non-moving party.

### C.    Pleadings of Pro Se Litigants

"Pleadings prepared by pro se litigants should be interpreted liberally, and Hawai'i courts and agencies should not construe pro se filings in a manner that leads to a decision that does not promote access to justice." In re Off. of Info.

19

Practices Op. Letter No. F16-01, 147 Hawai'i 286, 294, 465 P.3d 733, 741 (2020) (internal quotation marks and citations omitted). "A court's application of these principles is reviewed under an abuse of discretion standard." Id.

### III. DISCUSSION

### A. Kapu May Appeal the Decisions Made by the Circuit Court Awarding Paper Title by Summary Judgment to Makila

Kapu seeks review of the circuit court's grant of summary judgment in favor of Makila on both the paper title issue and the Kapus' claim for adverse possession. Makila argues that Kapu can no longer appeal the circuit court's award of summary judgment in favor of Makila in Makila I, because Kapu did not seek certiorari review of the Makila I ICA decision within 30 days of the ICA's Judgment on Appeal pursuant to HRS § 602-59(c).[16] However, the circuit court's order granting summary judgment in favor of Makila as to the paper title claim was not a final judgment because it was vacated by the ICA in Makila I. Therefore, Kapu may appeal the ICA's Judgment on Appeal in Makila I related to the ruling on the paper title issue.

---

[16] HRS § 602-59(c) provides, "An application for a writ of certiorari may be filed with the supreme court no later than thirty days after the filing of the judgment or dismissal order of the intermediate appellate court."

20

Contrary to Makila's argument, there was no final judgment on the paper title issue as to whether Makila could prove that it received a title conveyance to 'Āpana 1 from Pioneer Mill. The ICA in <u>Makila I</u> vacated the circuit court's award of summary judgment to Makila, concluding that there were genuine issues of material fact as to whether Makila had paper title to 'Āpana 1, and remanded the matter back to the circuit court. No. CAAP-12-0000547, 2016 WL 6136995, at *14.[17] Because the paper title claim in <u>Makila I</u> was vacated by the ICA, there was no final judgment on the paper title claim and Kapu was not required to file a certiorari application at that time. As there is no final judgment as to a chain of title for 'Āpana 1, the entirety of the paper title claim is still an appealable issue and, on remand, can be relitigated pursuant to Makila's summary judgment motion.

In its 2019 Summary Disposition Order, the ICA held that its 2016 decision with regard to chain of title from Olala to Pioneer Mill was the law of the case. <u>Makila II</u>, No. CAAP-17-0000358, 2019 WL 968642, at *2. Thus, it appears that on remand, Makila could argue, pursuant to the law of the case

---

[17] On remand, the circuit court again awarded summary judgment to Makila on the paper title claim, which Kapu appealed to the ICA. <u>Makila II</u>, No. CAAP-17-0000458, 2019 WL 968642, at *2.

21

doctrine, that the ICA's 2016 decision cannot be revisited by the circuit court. Although the ICA's 2018 law of the case determination, along with the merits of the ICA's 2016 ruling regarding chain of title from Olala to Pioneer Mill, could ultimately be appealed to this court after remand, it seems a waste of judicial resources to require that prolonged process when the record exists to allow us to address it now.

We agree with Kapu that he correctly asserted that the ICA improperly resolved disputed questions of material fact in its 2016 opinion with regard to the chain of title from Olala to Pioneer Mill. The ICA's opinion relied on multiple inferences about disputed facts that should have been left to a trier of fact to resolve. See, e.g., Makila I, No. CAAP-12-0000547, 2016 WL 6136995, at *11-13. As argued by Kapu:

> There are genuine issues of material fact as to whether 'Āpana 1, or any part thereof, was transferred from Olala to Kainoa. Even if 'Āpana 1 had been transferred to Kainoa, there are factual disputes as whether Kainoa (Mr. Kapu's ancestor) is the same person as Kainoa Kukue Olala and as to the identities of that person's descendants.
>
> These factual questions must be resolved by a jury; the Circuit Court cannot do so by fiat.

In other words, the circuit court improperly granted Makila's summary judgment with regard to the chain of title from Olala to Pioneer Mill, and the ICA's 2016 rulings with regard to that issue are not the law of the case.

However, Kapu can no longer appeal the ICA decision in Makila I as to his adverse possession claim, because the ICA affirmed the circuit court's denial of Kapu's motion for summary judgment claiming title to 'Āpana 1 by adverse possession, and it is now far beyond the 30-day period to seek certiorari review of the ICA's final judgment on that issue. HRAP Rule 40.1(a)(1).

## B. Kapu's Pro Se Letter on Remand Should Have Been Liberally Construed as a Motion for Reconsideration

Kapu correctly contends that the circuit court erred when it failed to construe his pro se letter, requesting that he be afforded an opportunity to contest Makila's motion for summary judgment on remand, as a motion for reconsideration. We therefore hold that summary judgment granting Makila paper title to 'Āpana 1 was erroneous.

Filings prepared by a pro se litigant should be construed by courts in a manner that will afford the pro se litigant equal access to justice and an opportunity to be heard. Erum v. Llego, 147 Hawai'i 368, 391-92, 465 P.3d 815, 838-39 (2020) ("[I]t is well established that the pleadings of pro se litigants should be liberally interpreted in order to promote access to justice.") (citing Waltrip, 140 Hawai'i at 239-40, 398 P.3d at 828-30). This court has stated that "[a] fundamental tenet of Hawai'i law is that [p]leadings prepared by pro se

litigants should be interpreted liberally." Waltrip, 140 Hawai'i at 239, 398 P.3d at 828 (quoting Dupree v. Hiraga, 121 Hawai'i 297, 314, 219 P.3d 1084 1101 (2009)). "The underpinnings of this tenet rest on the promotion of equal access to justice—a pro se litigant should not be prevented from proceeding on a pleading or letter to an agency if a reasonable, liberal construction of the document would permit him to do so." Id. "[P]ro se filings, even when misbranded, should be reasonably construed in a manner that results in identifying a route to relief, not in rendering relief impossible." Id. at 241, 391 P.3d at 830. (internal quotation marks and citation omitted). Thus, a court abuses its discretion if it construes a filing by a pro se litigant in a manner that prevents the litigant from seeking relief "if a reasonable, liberal construction of the document would permit [the litigant] to do so." Id. at 239, 398 P.3d at 828.

In Waltrip, this court held that where "the only recovery available for an employee who is injured at work" is a workers' compensation claim, courts should liberally construe a pro se litigant's filings. Id. Similarly, we have held that where a restrictive interpretation of a pro se litigant's motion would extinguish his "only opportunity to recover on his negligence claim," it should be "interpreted liberally[.]"

Villaver v. Sylva, 145 Hawaiʻi 29, 36, 445 P.3d 701, 708 (2019) (holding that a pro se litigant's "request for an interpreter at the hearing should have been interpreted liberally as a request to withdraw his admissions and file a late response[.]").

As a letter from a pro se litigant, Kapu's request to be heard on the merits of Makila's motion for summary judgment should have been interpreted liberally as a motion for reconsideration of the circuit court's summary judgment order in favor of Makila. The facts before the circuit court—after the ICA in Makila I vacated and remanded the order granting summary judgment to Makila—supported a construction of Kapu's letter as a motion to reconsider the summary judgment order: (1) Kapu had been actively involved in the case throughout the litigation; (2) he was informed of the hearing on the motion for summary judgment during a deposition for another related case; (3) he acted promptly, by filing a letter with the court, upon learning there had been a hearing he was unaware of; (4) his sister, Victoria White, also was unaware of the hearing; (5) the hearing's unfavorable ruling served as Kapu's loss of legal title and physical possession to his only home; (6) Kapu informed the circuit court that his attorney had recently passed and could be one of the reasons he had not received notice of

the hearing; and (7) Kapu filed his letter with the court before the circuit court had entered its final judgment.

This court generally concludes that a filing from a pro se litigant should be construed as a motion when a more restrictive interpretation would extinguish the only opportunity for the pro se litigant to be heard and seek relief. Villaver, 145 Hawai'i at 36, 445 P.3d at 708. In Villaver, we held that "Villaver's pro se request for an interpreter at the hearing should have been interpreted liberally as a request to withdraw his admissions and file a late response" because "a more restrictive interpretation would have extinguished his only opportunity to recover on his [] claim." Id. Similarly, in Erum, we applied Villaver and concluded that a pro se litigant's motion requesting a continuance should have been liberally construed in a manner that would have afforded Erum a hearing and "would have allowed reinstatement of the case and permitted Erum to proceed on his claim." 147 Hawai'i at 392, 465 P.3d at 839 (citing Villaver, 145 Hawai'i at 36, 445 P.3d at 708).

In the present case, the circuit court erred by failing to liberally construe Kapu's letter as a HRCP Rule 60(b) motion for reconsideration and therefore abused its discretion by proceeding with summary judgment without affording Kapu an opportunity to be heard on the merits. In his letter, Kapu

26

specifically requested that the court vacate the order on Makila's motion because he "never received copies of the motion and only learned that the hearing occurred and decision made at . . . [a] settlement conference in another case[.]" Additionally, Kapu cited HRCP Rule 60, which is entitled, "Relief from judgment or order," in his April 13, 2017 letter and requested "appropriate relief" for not having received notice of the hearing. Because the circuit court's more restrictive interpretation denied Kapu his only opportunity to contest the claim to his property, his pro se letter should have been construed as a motion.

Moreover, the circuit court's failure to construe Kapu's letter liberally and afford him an opportunity to be heard on the merits of the summary judgment motion thus "interfere[d] with the fair dispensation of justice." Ass'n of Apartment Owners of Kai Makani v. Oleksa, 144 Hawai'i 384, 442 P.3d 447, 2019 WL 2281248, at *3 (App. May 29, 2019) (SDO) (internal quotation marks omitted). A pro se litigant's failure to attend a hearing on a motion for summary judgment may be excused, and a subsequent motion for reconsideration granted under HRCP Rule 60(b)(1), when the pro se litigant did not receive notice of the hearing. Id. In Oleksa, we held that the pro se litigant's failure to appear at the hearing was excused

27

because the litigant was out of town and undergoing a medical emergency when the notice would have arrived by mail. Id.

The facts here also warrant a reconsideration to provide Kapu the opportunity to contest Makila's motion for summary judgment. The death of Kapu's attorney, his pro se status, active involvement throughout the proceedings and quick action after discovering he had missed an important hearing dispensing an unfavorable decision depriving him of his only home warranted an opportunity for Kapu to be heard on the motion for summary judgment. See Querubin v. Thronas, 107 Hawai'i 48, 59-60, 109 P.3d 689, 700-01 (2005) (holding that lack of notice and failure to afford an oral hearing to a party against whom a motion for summary judgment was directed constituted actual prejudice and harmful error). In addition, the notice itself contained the wrong hearing date. Accordingly, the circuit court abused its discretion when it denied Kapu an opportunity to be heard on the motion for summary judgment.

Because we hold that summary judgment was improper on this basis, we need not address whether Kapu had actually received the notice of hearing.

## IV. CONCLUSION

For the foregoing reasons, the circuit court abused its discretion when it declined to construe Kapu's pro se letter as a

28

motion for reconsideration, and erred when it denied Kapu an opportunity to be heard on the merits of Makila's motion for summary judgment.  We therefore vacate the ICA's April 1, 2019 Judgment on Appeal and the circuit court's grant of summary judgment on February 10, 2017 on the paper title claim.  We further vacate in part the ICA's November 21, 2016 Judgment on Appeal with regard to the claim of title from Olala to Pioneer Mill, as well as the circuit court's April 29, 2010 grant of summary judgment to Makila on that issue and remand for proceedings consistent with this opinion.

| | |
|---|---|
| Daniel M. Gluck, Hawai'i Appellate Pro Bono Program for Petitioner/Defendant-Appellant, Ke'eaumoku Kapu | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Francis P. Hogan, (Michael W. Gibson and Benjamin M. Creps with him on the briefs) for Respondent/Plaintiff-Appellee, Makila Land Co., LLC | /s/ Michael D. Wilson |

