**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000661
30-JAN-2026
07:57 AM
Dkt. 44 SO**

NO. CAAP-23-0000661

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRANDALL LEE PENAFLOR, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR980000001; [CASE ID. 2PC900000146])

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

This appeal arises from the denial of self-represented Petitioner-Appellant Crandall Lee Penaflor's (**Penaflor**) 2023 motion to amend his first Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition filed and denied by the circuit court in 1998 (**1998 First Petition**). Since the 1998 First Petition, Penaflor has filed three additional HRPP Rule 40 petitions, which have all been denied, seeking relief from his 1991 convictions for first-degree burglary, first-degree Terroristic Threatening,

Kidnapping, and first-degree sexual assault.  See Penaflor v. State, No. CAAP-23-0000040, 2025 WL 2268273, at *1 (Haw. App. Aug. 8, 2025) (mem. op.) (setting forth procedural history of Penaflor's four Rule 40 petitions).  We affirm.

Penaflor appeals from the October 3, 2023 "Order Denying Motion to Amend Petition" (**Order Denying Motion to Amend**), filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Penaflor contends the Circuit Court erred by: **(1)** construing Penaflor's September 29, 2023 filing as a motion to amend the First Petition and not ruling on the "colorable claims"; and **(2)** "placing a time limit on [Penaflor]'s ability to amend his [1998 First] [P]etition" and "applying HRPP Rule 40(a)(e) [sic]."[2]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve the contentions as follows.

On September 29, 2023, Penaflor submitted a filing to the Circuit Court requesting the following:  "[Penaflor] seeks substantial justice by freely amending his original HRPP Rule 40 filed on January 22, 1998, pursuant to HRPP Rule 40(e)[.]"[3]  In

---

[1]     The Honorable Kelsey T. Kawano presided.

[2]     Penaflor's Opening Brief does not comply with Rule 28(b) of the Hawai'i Rules of Appellate Procedure (**HRAP**).  To promote access to justice, we do not automatically foreclose self-represented litigants from appellate review if they do not comply with court rules.  See Erum v. Llego, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020).  We address what we discern to be Penaflor's arguments.

[3]     HRPP Rule 40(e) provides:

the filing, Penaflor again raised claims of ineffective assistance of trial counsel,[4] and argued that HRPP Rule 40(a)(3) did not apply because he was "represented by the same defense counsel at trial and on appeals [sic]."  In the October 3, 2023 Order Denying Motion to Amend, the Circuit Court construed Penaflor's filing as a motion to amend the 1998 First Petition, and denied it on grounds that Penaflor's claims of ineffective assistance of counsel were waived, and because Penaflor was not seeking to "amend a pending petition, but one that was already denied . . . more than 25 years ago."  Penaflor timely appealed.

**(1)** Penaflor argues that the Circuit Court erred when it found that the September 29, 2023 filing was a "letter that needed to be construed[,]" citing Makila Land Co., LLC v. Kapu, 152 Hawai'i 112, 522 P.3d 259 (2022).  In Makila, the supreme court held that the circuit court erred in failing to liberally construe the pro se appellant's letter, stating that "[f]ilings prepared by a pro se litigant should be construed by courts in a manner that will afford the pro se litigant equal access to justice and an opportunity to be heard."  Id. at 121, 522 P.3d at 268 (citation omitted).

Here, unlike in Makila, the Circuit Court properly construed Penaflor's September 29, 2023 filing as a motion to amend the 1998 First Petition.  Penaflor's September 29, 2023

------

**(e) Amendment and withdrawal of petition.** The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify the petition.

[4]    Penaflor's 1998 First Petition and his 2018 fourth petition also raised claims of ineffective assistance of trial counsel.  See Penaflor, 2025 WL 2268273, at *1-2.

filing was filed under the case number for the 1998 First Petition, 2PR980000001, and the filing specifically stated that he sought "substantial justice by freely amending his original HRPP Rule 40 [Petition] filed on January 22, 1998, pursuant to HRPP Rule 40(e)[.]" (Emphasis added.) We conclude the Circuit Court did not err in its liberal construction of Penaflor's September 29, 2023 filing as a motion to amend the 1998 First Petition.

**(2)** Penaflor argues that the Circuit Court erred by "placing a time limit on [Penaflor]'s ability to amend his" 1998 First Petition and "applying HRPP Rule 40(a)(e) [sic][,]" citing Bryant v. State, 6 Haw. App. 331, 720 P.2d 1015 (1986). This argument lacks merit because the 1998 First Petition was already denied in 1998. The record reflects that on May 4, 1998, the circuit court issued its "Findings of Fact, Conclusions of Law and Order Denying HRPP Rule 40 Petition" (**1998 Order Denying First Petition**). Penaflor did not appeal the 1998 Order Denying First Petition. Here, unlike Bryant in which the defendant amended his HRPP Rule 40 petition prior to the circuit court's ruling on it, Penaflor sought to amend his petition twenty-five years after the circuit court had ruled on it. See id. at 334-35, 720 P.2d at 1018-19. The Circuit Court's conclusion that Penaflor could not amend the 1998 First Petition "that was already denied, . . . more than 25 years ago" did not constitute an abuse of its discretion. See Graham v. Haw. Paroling Auth., No. CAAP-23-0000736, 2025 WL 3268528, at *3 (Haw. App. Nov. 24, 2025) (SDO) (reviewing a denial of a motion to amend a HRPP Rule 40 petition for abuse of discretion).

4

For the foregoing reasons, we affirm the October 3, 2023 Order Denying Motion to Amend, filed by the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, January 30, 2026.

On the briefs:

Crandall Lee Penaflor
Self-represented Petitioner-
Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge